UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION,<br>Plaintiff, | : | |
| | : | |
| v. | : | 3:06-cv-519 (WWE) |
| | : | |
| RICHARD LASCHEVER, individually,<br>GREENPOINT MORTGAGE FUNDING INC.,<br>a corporation, and NATIONAL CITY<br>WAREHOUSE RESOURCES, a division of<br>NATIONAL CITY BANK, a corporation,<br>Defendants. | : | |

### MEMORANDUM OF DECISION ON PLAINTIFF'S
### MOTION FOR RECONSIDERATION OF COURT'S
### MEMORANDUM OF DECISION DATED SEPTEMBER 26, 2008

Plaintiff Westport Insurance Corporation has filed a motion asking the Court to reconsider its order denying summary judgment in favor of plaintiff entered on September 26, 2008 (Doc. #138).

### FACTS

The underlying facts and the identities of the parties are set forth in the Court's September 26 order. On October 9, plaintiff filed the instant motion for reconsideration arguing that the Court should have accepted the testimony of Stephen Lang, Westport's underwriter, and granted summary judgment. For the reasons that follow, the Court will grant plaintiff's motion for reconsideration and, upon review, will vacate its previous ruling and grant plaintiff's motion for summary judgment.

### DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

1

Local R. Civ. Proc. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Plaintiff argues that it was clear error for the Court to reject the testimony of Lang when he asserted that Westport would not have issued the insurance policy to defendant Richard Laschever had it known of the history of the Philadelphia policy. In response to a question regarding what would have happened with Laschever's application had he disclosed the Philadelphia rescission, Lang stated: "That the firm wouldn't have been – well, as new business the firm would have never been written." In its previous ruling, the Court declined to accept this self-serving assertion as evidence of the materiality of the Philadelphia action on Laschever's application with Westport.

In reaching that conclusion, the Court relied upon Paul Revere Life Ins. Co. v. Fish, 910 F. Supp. 58 (D.R.I. 1996), in which the court declined to rely upon the self-serving testimony of the insurance provider's underwriter. In Paul Revere, the plaintiff-insurance company sought to rescind a disability insurance policy when the insured had failed to disclose on the insurance application that he had taken cocaine and marijuana, imbibed alcohol regularly and had seen a psychiatric counselor in the years prior to applying for this policy. The insurance company argued that this information was material to its decision to issue the policy, and that the insured's failure to disclose it should serve as reason to rescind it. Paul Revere cited the underwriting guidelines in

2

place which provided that certain users of cocaine and marijuana should be denied coverage for a disability insurance policy. Despite these underwriting guidelines and the underwriter's testimony, the court declined to conclude that these omissions were material. Therefore, it denied summary judgment.

Plaintiff advances <u>Pinette v. Assurance Co. of Am.</u>, 52 F.3d 407 (2d Cir. 1995), in which the Court of Appeals reviewed Connecticut law and concluded that misrepresentations as to an applicant's prior loss history were material as a matter of law. Further, the Court observed that answers to questions asked on an insurance application are presumptively material. <u>Id.</u> at 411; <u>see also</u> <u>Mt. Airy Ins. Co. v. Millstein</u>, 928 F. Supp. 171, 176 (D. Conn. 1996) ("Information in an insurance application that becomes a part of the policy is material.").

In its previous ruling, the Court found that by omitting the Philadelphia rescission from the application, Laschever had knowingly made a misrepresentation. Although the Court ruled that it could not conclude that such misrepresentation was material, upon reconsideration, the Court finds, based on Lang's uncontroverted testimony, that it was material as a matter of law. Therefore, summary judgment is appropriate. Westport may rescind the insurance policy issued to Laschever.[1]

---

[1] In its opposition to summary judgment, National City argued that plaintiff had not raised the Philadelphia action in its complaint and, therefore, summary judgment should be denied because a party cannot amend its complaint through a memorandum of law in support of summary judgment. <u>See</u> <u>Natale v. Town of Darien</u>, 1998 U.S. Dist. LEXIS 2356 (D. Conn. Feb. 25, 1998). Although the Court agrees with National City, discovery has been conducted on this issue and there is no prejudice to National City by the Court addressing it, The alternative would be the Court granting plaintiff leave to amend its complaint. <u>See</u> <u>Horoshko v. Citibank, N.A.</u>, 373 F.3d 248 (2d Cir. 2004) (within Court's discretion to grant leave to replead).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration (Doc. #78). Upon review, the Court VACATES its previous ruling (Doc. #77) and GRANTS plaintiff's motion for summary judgment (Doc. #54). The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 10th day of November, 2008.

/s/
Warren W. Eginton
Senior United States District Judge