**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:06-cv-519 (WWE) |
| | : | |
| RICHARD LASCHEVER, individually, | : | |
| GREENPOINT MORTGAGE FUNDING INC., | : | |
| a corporation, and NATIONAL CITY | : | |
| WAREHOUSE RESOURCES, a division of | : | |
| NATIONAL CITY BANK, a corporation, | : | |
| Defendants. | : | |

**RULING ON NATIONAL CITY'S MOTION FOR**
**RECONSIDERATION AND MOTION FOR CLARIFICATION**

Defendant National City Warehouse Resources has filed a motion for

reconsideration requesting that the Court reconsider its Memorandum of Decision on

Plaintiff's Motion for Reconsideration of Court's Memorandum of Decision Dated

September 26, 2008 (Doc. #81) ("Reconsideration Ruling").  The Reconsideration

Ruling vacated the Court's previous ruling granting summary judgment in favor of

defendants (Doc. #77) ("SJ Ruling").  For the reasons that follow, the Court will grant

National City's motion for reconsideration and, upon reconsideration, adhere to the

Reconsideration Ruling.

National City has also filed a motion requesting the Court to clarify that its motion

for reconsideration tolls the time for filing a notice of appeal (Doc. #84).

**FACTS**

The underlying facts and the identities of the parties are set forth in the Court's

SJ Ruling.  In the Reconsideration Ruling, the Court vacated the SJ Ruling and, relying

1

upon Pinette v. Assurance Co. of Am., 52 F.3d 407 (2d Cir. 1995), accepted the testimony of Stephen Lang, Westport's underwriter.  In so doing, the Court granted summary judgment in favor of plaintiff, allowing the rescission of the insurance policy.

**DISCUSSION**

**I.     Motion for Reconsideration**

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. Proc. 7(c)(1).  Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision.  Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991).  The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).  The Court, where appropriate, may on a second motion for reconsideration reverse itself again to return to the original disposition.  See, e.g., Fleming v. Air Sunshine Inc., 311 F.3d 282 (3d Cir. 2002).

The Court has previously reviewed the materials in this case, the motion papers the relevant exhibits twice.  Upon this re-review, it adheres to its previous ruling granting summary judgment.  Based on the Court of Appeals' decision in Pinette and Lang's testimony, a reasonable jury could not conclude that Laschever's misrepresentation concerning the history of the Philadelphia policy was immaterial.

Further, as to National City's claim that it was not provided with all appropriate discovery on the Philadelphia policy, a motion for reconsideration is not the proper

context to raise such a claim.  See Palmer v. Sena, 474 F. Supp. 2d 353, 355 (D. Conn. 2007) ("[M]otions under Rule 59(e) are not vehicles for bringing before the court theories or arguments that were not advanced earlier.").

Finally, as to National City's argument that Westport has failed to properly serve Greenpoint Mortgage Funding, Inc., an allegedly-necessary party against whom Westport was allowed to amend the complaint to assert claims on December 6, 2006 (Doc. #28).  Where a plaintiff fails to serve a necessary defendant, the court may issue final relief against the named and served defendants, even if final relief cannot be obtained against the non-served defendant.  See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 110-111 (1968); Royal Ins. Co. of Am. v. Caleb, 1997 U.S. Dist. LEXIS 21882, *9-10 (D. Conn. June 16, 1997).  There is therefore no prejudice or impediment to the Court's granting summary judgment in favor of Westport in this case.

## II.    Motion for Clarification Regarding Time to File Notice of Appeal

The Court cannot alter the jurisdictional requirements of rule 4 of the Federal Rules of Appellate Procedure.  See Glinka v. Maytag Corp., 90 F.3d 72, 74 (2d Cir. Vt. 1996) ("Compliance with this rule is 'mandatory and jurisdictional' and failure to comply will necessarily result in dismissal."); see also Lichtenberg v. Besicorp Group, Inc., 204 F.3d 397, 401 (2d Cir. 2000); Ametex Fabrics v. Just in Materials, Inc., 140 F.3d 101, 106 (2d Cir. 1998); Traversa v. Educ. Credit Mgmt. Corp., 386 B.R. 386, 388 (D. Conn. 2008).  Further, the Court cannot extend the time for filing a notice of appeal.  See Fed. R. Civ. P. 6(b).  Therefore, it would be inappropriate for this Court to decree that National City may still file a timely notice of appeal.  While there is case law on the

3

subject, it would be inappropriate for this Court to comment on the rights of National

City concerning any appeal that may be taken.  This issue must be addressed by the

Court of Appeals, if appropriate.  Accordingly, the Court will find National City's request

for clarification moot.

## CONCLUSION

For the foregoing reasons, the Court GRANTS National City's motion for

reconsideration (Doc. #82).  Upon review, the Court adheres to the Reconsideration

Ruling (Doc. #81).  Further, the Court finds moot National City's request for a

clarification on the timeliness of a notice of appeal (Doc. #84).

Dated at Bridgeport, Connecticut, this 25th day of February, 2009.


_____/s/_____
Warren W. Eginton
Senior United States District Judge

4